WEBSTER LEWIS CROSLOW *et al.*, Plaintiffs-Appellants, *v.* MARGUERITE CROSLOW *et al.*, Defendants-Appellees.

Fifth District No. 75-303

Opinion filed May 17, 1976.

Robert L. Douglas, of Robinson, for appellants.

Edward Benecki, of Lawrenceville, for appellee Maurice E. Gosnell.

Arnold & Weber, of Olney (Laurence L. Arnold, of counsel), for appellee Marguerite Croslow.

Mark R. Weber, of Cox, Phillips, Weber & Weber, of Robinson, for appellee Irene Black.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:
Plaintiffs appeal from a judgment of the circuit court of Lawrence County where the court sitting without a jury ordered the plaintiffs to take nothing in an action against the trustees and a beneficiary of a trust created by John Louis Croslow.

The plaintiffs Webster Lewis Croslow and Ronald L. Croslow, both sons of the settlor John Louis Croslow, raise four issues on appeal: (1) The trial court erred in determining John L. Croslow was the sole beneficiary of the trust; (2) the trustees were without power to convey the corpus of the trust to John L. Croslow and Marguerite Croslow in joint tenancy as the trust agreement only authorized reconveyance to John L. Croslow, and therefore committed a breach of trust; (3) the trial court erred in concluding that the trustees had not resigned prior to the termination of the trust and the reconveyance of the property; and (4) the court erred in finding John L. Croslow under no disability at the termination of the trust.

The relevant sections of the trust agreement follow:

"1. The trust shall continue until the death of John Louis Croslow, or until such time as the Trustees, or their successors, declare the termination of said Trust by an instrument in writing signed by both Trustees and placed of record in the records of Lawrence County, Illinois. On the termination of the Trust, the trustees shall pay the principal of the trust property to John Louis Croslow, if he is then alive, or if he is not then alive to his heirs, personal representatives and devisees.

2. The Trustees are to pay over the rents, profits, dividends and incomes of said property, but entirely at their discretion, and in

such proportions as they may at the time of each payment fix and determine, to John L. Croslow and his wife and children, or to any one or more of such persons, or at the discretion of such Trustees to apply the same or any part thereof to the support of any one or more of such persons; or to the education of any one or more such persons, until the termination of this trust, as hereinbefore provided. The discretion of such Trustees shall be absolutely free as to which and how many of such persons shall receive said payments, and in what proportions, and as to whether and what proportions or amounts the same shall be applied to the support or *education* of any one or more of said persons and as to the withholding from any one or more of such persons such payments.
＊ ＊ ＊

4. In the event the Trustees desire to terminate this Trust, as hereinbefore provided, they may do so by either transferring such property to John L. Croslow or to any Conservator appointed for his person and estate.
＊ ＊ ＊

7. The Trustees may at any time or times appoint a new or additional Trustee or Trustees and if at any time there is only one Trustee, he or she shall forthwith appoint a Co-Trustee. Each appointment shall be in writing and may be made so as to become effective at any future time and may be revoked at any time before it takes effect. Any Trustee may resign at any time by an instrument in writing provided he or she shall not have the power to resign when he or she is the sole Trustee hereunder."

In 1939 John Louis Croslow was determined incompetent to manage his estate and a conservator was appointed. On April 5, 1954, he was adjudicated competent and his estate was returned to him restoring all the rights and privileges enjoyed by him before the appointment of the conservator.

In 1956 Croslow created a discretionary protective trust naming Irene Black and Guy E. McGaughey, Jr., as co-trustees. Pursuant to section seven of the trust agreement, Guy McGaughey, Jr., resigned as trustee and Maurice E. Gosnell was appointed to replace him as co-trustee. Irene Black and Maurice E. Gosnell are defendants in this suit. The corpus of the trust included a tract of land that was conveyed to trustee Irene Black at the inception of the trust. This land contained a natural gas supply and Marathon Oil Company was processing this gas and paying periodic royalties to John L. Croslow. Upon the creation of the trust, Marathon Oil Company was directed to pay the royalties to the trustees for distribution per the terms of the trust. Section 2 of the trust agreement gave

unqualified discretion to the trustee to pay over profits and income to John L. Croslow and his wife and children, or to any one or more of such persons.

On October 10, 1972, pursuant to section 1 of the trust agreement, the trustees terminated the trust by a written instrument signed by both trustees and recorded in Lawrence County. Also the trustees attempted to reconvey the land to John L. Croslow in accordance with section 4 of the trust agreement, but Croslow would not accept the deed naming him as the only grantee. Rather,. he requested the deed be made out to him and his wife, Marguerite Croslow, in joint tenancy with a right of survivorship. Trustee Gosnell produced a new deed with John L. Croslow and Marguerite Croslow as joint grantees. Marathon Oil Company was notified of this termination and the new arrangement of ownership for payment of royalties.

John L. Croslow died intestate on September 21, 1973. While alive, Croslow and his wife received monthly checks made out to them jointly from Marathon Oil Company in accordance with the new ownership arrangement. At no point during this 11 month period did Croslow object to the royalties being paid jointly. On the other hand, it is apparent from his request for the deed to be made in joint tenancy and his acquiescence to the joint royalty payments that he clearly intended to give his wife a joint interest.

The plaintiffs, children of Croslow by a former marriage, initiated action against their stepmother, Marguerite Croslow, and trustees Irene Black and Maurice Gosnell. Seven other children of Croslow, all by his second marriage, disclaimed any interest in the suit.

Before considering the merits of the appeal, we point out that the trust formulated by the settlor, John L. Croslow, is a discretionary trust. Merely titling the agreement a "protective trust" does not negate the clear intention by the settlor to give complete discretion to the trustees to terminate and make payments. (Cf. *Greenwich Trust Co. v. Tyson* (1942), 129 Conn. 211, 27 A. 2d 166; 2 Scott, Trusts §128.3 (3d ed. 1967).) The significance of establishing the trust as a discretionary trust is seen in the discussion of the beneficiaries' interest that follows.

Turning to the merits of the case, the plaintiffs contend that the court erred in determining that Croslow was the sole beneficiary of the trust. A careful reading of the instrument indicates that during the operation of the trust, Croslow's wife and children were potential beneficiaries in that the trustees could have paid profits or income to the children if they saw fit. The trust agreement states specifically:

> "The Trustees are to pay over the rents, profits, dividends and incomes of said property, but entirely at their discretion, * * * to

John L. Croslow and his wife and children, or to any one or more of such persons, * * * ".

This section clearly indicates that the children were potential beneficiaries during the operation of the trust. The extent of the beneficiaries' interest was ultimately at the discretion of the trustees, as not only could the trustees refrain from paying any income to the children through their discretionary power, but they also had the expressed discretionary power to terminate the trust.

■■ In view of the fact that Croslow was not the sole beneficiary under the trust while the trust was in operation, the plaintiffs also contend that requiring the deed or reconveyance be made jointly to him and his wife as opposed to only him with a modification of the trust. Clearly, any modification of the trust while the trust was in operation would require the consent of all the beneficiaries. (See Restatement of Trusts §337 (1935).) Notwithstanding this requirement, when a trust by its terms gives power to the trustee to terminate the trust at his discretion, the beneficiaries' interests are terminated when the trustee terminates the trust.

Trust law provides for distribution of trust property at the direction of the beneficiary upon termination of the trust. 2 Restatement (Second) of Trusts §342(b), at 182 (1959):

"If the Trustee transfers the trust property to a third person with the consent of the beneficiary who is not under an incapacity, the trust is terminated and the Trustee is under no liability for making the transfer."

If it is satisfactory to transfer to a third person at direction of the beneficiary, it is certainly satisfactory to transfer to the settlor-beneficiary and to his wife in joint tenancy at insistence of the beneficiary. This is not a modification of the trust instrument as claimed by appellants.

■■ In view of the fact that Croslow was the only person who could receive the property upon termination of the trust, if he were alive, it follows that he was the only person to object to the reconveyance or variation from the trust agreement. Therefore, his request to have the deed made out to him and his wife jointly concerned only him.

■■ The plaintiffs also contend that the trustees had resigned as evidenced by a letter sent by Irene Black and Maurice Gosnell to Marathon Oil Company, dated May, 1972, informing the oil company that they resigned effective January, 1972. Clearly this letter is without legal effect as the trust agreement provided a specific method for resignation by the trustees and expressly stated that "he or she shall not have the power to resign when he or she is sole trustee hereunder."

Restatement (Second) of Trusts §106, (1959) states, "A trustee who has accepted the trust cannot resign except: * * * (b) in accordance with the terms of the trust." Furthermore, a resignation is not effective unless it is in accordance with the terms of the trust. (*Bruce v. Republic National Bank & Trust Co.* (Tex. Cir. App. 1934), 74 S.W.2d 461.) Then, too, the tenor of the letter indicated that any action taken by the trustees with regard to resignation was not intended to be final but merely tentative.

■■ The fourth and final issue raised by the plaintiffs is whether the trial court erred in finding John Louis Croslow under no disability at the time of the dissolution of the trust. Nowhere in the trial record is there any reference to the disability of John Louis Croslow at the dissolution of the trust. Plaintiffs apparently raise this issue for the first time on appeal. It is a well-settled doctrine that issues cannot be raised for the first time on appeal. *Hulse v. Kirk*, 28 Ill. App. 3d 839, 329 N.E.2d 286; *Hall v. Humphrey-Lake Corp.*, 29 Ill. App. 3d 956, 331 N.E.2d 365; *Smith v. Ashley*, 29 Ill. App. 3d 932, 332 N.E.2d 32.

In summary, although the children of John Louis Croslow were in fact beneficiaries under the trust while the trust was in operation, upon termination by the trustees in accordance with the discretionary power of the trust, the children's rights as beneficiaries were extinguished. The result of this was to make John Louis Croslow the sole beneficiary receiving the corpus of the trust. It follows he was the only one with standing to challenge any misconduct of the trustees.

For the foregoing reasons, the judgment of the circuit court of Lawrence County is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.