Lucile HANSEN, Plaintiff-Appellant,

v.

PEOPLES BANK OF BLOOMINGTON as Trustee of the Trust of Olga J. Nydegger and A. W. Augspurger, Defendant-Appellee.

No. 78–1184.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 12, 1979.

Decided March 20, 1979.

Rehearing Denied April 23, 1979.

Wenona Y. Whitfield, Chicago, Ill., for plaintiff-appellant.

James W. Yoder, William L. Paul, Bloomington, Ill., for defendant-appellee.

Before CUMMINGS and SPRECHER, Circuit Judges, and EAST, Senior District Judge.*

SPRECHER, Circuit Judge.

The plaintiff, a California resident and income beneficiary of a spendthrift trust, brought an action in federal court against the Illinois trustee seeking dissolution of the trust. Under Rule 19 of the Federal Rules of Civil Procedure, the district court required the joinder of the potential remaindermen of the trust, both residents of

* Senior District Judge William G. East of the United States District Court for the District of Oregon is sitting by designation.

California, as defendants. As a result, the action had to be dismissed for lack of diversity jurisdiction. The plaintiff appeals, arguing that the remaindermen were not properly joined as indispensable parties or that in the alternative they should have been realigned as plaintiffs to preserve federal jurisdiction.

## I

In May 1959, plaintiff's aunt and uncle, the Augspurgers, executed separate but identical wills. Under the terms of the 1959 will, the plaintiff would have inherited a fee simple interest in various estate property at the death of her aunt and uncle (with enjoyment postponed until the expiration of her mother's life estate). In 1960 the plaintiff filed for bankruptcy. The same year, the Augspurgers executed a codicil to their 1959 will to provide that any interest passing to the plaintiff, or her brother, be held in individual trusts by the Peoples Bank of Bloomington.

The testamentary trust established in the codicil is typical of a "spendthrift" trust. The terms of the codicil vest the trustee with "absolute and complete discretion as to the payment . . . of . . . income or principal" to the plaintiff "for support during [her] lifetime . . . or as long as said . . . trust shall continue." The codicil also directs that "there shall be no way by which said nephew or niece may pledge, alienate, mortgage, encumber or assign any of the income receivable therefrom. . . ." The codicil also vests the trust with the "power to appoint said trust at any time" to the beneficiary, thereby terminating the trust. If the power of appointment was not exercised during the beneficiary's lifetime, the trust property was to pass to the "descendants of such . . . niece per stirpes." The plaintiff now has two "descendants," Eric Hansen and Kirsten Farley.

1. The applicable parts of Rule 19 read as follows:

 Rule 19. Joinder of Persons Needed for Just Adjudication
 (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of

The plaintiff's uncle died in 1961, and her aunt in 1968. Since that time, plaintiff has made repeated demands on the defendant trustee to exercise the appointment power to distribute the property to her and terminate the trust. The trustee has refused.

Plaintiff brought this action under 28 U.S.C. § 2201 seeking a declaration that the trustee has abused the powers of trust by refusing to appoint the corpus of the trust to her. Jurisdiction was premised on diversity, 28 U.S.C. § 1332. The plaintiff is a citizen of California and the trustee a citizen of Illinois. The defendant moved to require the joinder of the plaintiff's children, the individuals who stand to inherit the corpus of the trust should the power of appointment not be exercised in the plaintiff's lifetime. The children, also residents of California, filed affidavits indicating their opposition to the termination of the trust in favor of their mother. The district court required the joinder of Eric Hansen and Kirsten Farley as defendants and then dismissed the action for lack of diversity.

## II

 It is undisputed that if Eric and Kirsten were properly joined as defendants the action must be dismissed for lack of subject matter jurisdiction. The plaintiff argues, however, that the joinder of her children was not required by Rule 19 of the Federal Rules of Civil Procedure. We are convinced that the district court properly exercised its discretion under Rule 19 to dismiss the action.

Rule 19 establishes a two-step inquiry for determining when it is proper to dismiss an action for inability to obtain jurisdiction over an individual with an interest in the litigation.[1] Rule 19(a) establishes the

jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a

threshold prerequisites for joinder. If subject-matter jurisdiction would not be destroyed, the relevant portions of Rule 19(a) would require the joinder of Eric Hansen and Kirsten Farley only if they "[claim] an interest relating to the subject of the action" and are "so situated that the disposition of the action in [their] absence may . . . as a practical matter impair or impede [their] ability to protect that interest. . . ." Since an adjudication that the trust should be terminated would extinguish the children's right to receive the corpus of the trust on the death of their mother, the children clearly have an interest in continuing the trust—the "subject of the action." A judgment in favor of termination would not only impair their ability to protect that interest, but might actually operate to terminate their interest. *See Croslow v. Croslow*, 38 Ill.App.3d 373, 347 N.E.2d 800 (1976). Therefore the children would be required to be joined, if feasible, under 19(a). *Tankersley v. Albright*, 514 F.2d 956 (7th Cir. 1975).

▪ Rule 19(b), however, provides that when such a person cannot be joined, the action should only be dismissed if the court determines it cannot in "equity and good conscience" proceed without the absent persons. The rule enumerates considerations appropriate to this determination. The Supreme Court in *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), interpreted those considerations as requiring a balancing of four interests: the plaintiff's interest in the availability of a forum; the defendant's interest in avoiding multiple or inconsistent adjudication; the nonparties' interest in preventing prejudice to their claims; and the public's interest in efficient dispute settlement. The rule also mandates that the court consider the possibility of shaping relief to protect the interests of absent persons as an alternative to dismissing the action.

When a district court is directed by the rules to make a judgment based on "equity and good conscience" the appellate court should, of course, only review, and not displace that judgment. The facts of this case suggest that the district court properly applied the Rule 19(b) considerations.

It is clear that care must be taken to ascertain whether the plaintiff could obtain jurisdiction over the trustee and her children in another court. *See Provident Tradesmens*, 390 U.S. at 112, 88 S.Ct. 733; *Prescription Plan Service Corp. v. Franco*, 552 F.2d 493, 497 (2d Cir. 1977); The Advisory Committee on the Federal Rules of Civil Procedure, Note on the 1966 Revision of Rule 19, *reprinted in* 3A Moore's Federal Practice ¶ 19.01[5.–4] at 19–16 (2d ed. 1978). Although the Illinois courts have apparently not decided whether *in personam* jurisdiction can be obtained over nonresident beneficiaries of an Illinois trust in an action seeking dissolution, other authorities suggest that such jurisdiction would be proper.[2]

practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he had not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

2. A California forum, whether state or federal, might well be unavailable for lack of personal jurisdiction over the trustee. *See Hanson v.*

In *Tankersley v. Albright*, 374 F.Supp. 530 (N.D.Ill.1973), the district court found that it had personal jurisdiction over nonresident beneficiaries in a diversity action brought by the trustees of an Illinois trust. The court relied primarily on the presence of the trust assets in the state.[3] *See also Gurley v. Lindsley*, 459 F.2d 268, 277 (5th Cir. 1972). On appeal this court remanded the case for consideration of whether the court should proceed in the absence of nondiverse beneficiaries. It was observed, in dicta however, that the "trial judge's excellent analysis" of the personal jurisdiction issue "would indicate that viable alternative forums may exist." *Tankersley v. Albright*, 514 F.2d 956, 967 n.24 (7th Cir. 1975).

Although *Tankersley* was decided before *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), extending "minimum contacts" analysis to the assertion of jurisdiction based on the presence of property in the state, we do not believe that *Shaffer* alters the result. *Shaffer* requires only that "the relationship among defendant, the forum, and the litigation" support the assertion of jurisdiction. 433 U.S. at 204, 97 S.Ct. 2569, 2580. Asserting jurisdiction over a nonresident beneficiary to adjudicate claims relating to a trust located in Illinois and administered by an Illinois trustee satisfies that requirement. The opinion in *Shaffer* strongly supports the conclusion:

> [W]hen claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction. In such cases, the defendant's claim to property located in the State would normally indicate that he expected

to benefit from the State's protection of his interest. The State's strong interests in assuring the marketability of property within its borders and in providing a peaceful resolution of disputes about the possession of that property would also support jurisdiction, as would the likelihood that important records and witnesses will be found in the State. The presence of property may also favor jurisdiction in cases . . . where the defendant's ownership of the property is conceded but the cause of action is otherwise related to rights and duties growing out of that ownership.

*Id.* at 207, 97 S.Ct. at 2582.[4]

Thus *Shaffer* does not displace the Supreme Court's conclusion in *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950), that "the interest of each state in providing means to close trusts that exist by the grace of its laws and are administered under the supervision of its courts is so insistent and rooted in custom as to establish beyond doubt the right of its courts to determine the interests of all claimants, resident or nonresident, provided its procedure accords full opportunity to appear and be heard." Therefore we conclude that dismissal of this action will not preclude the plaintiff from asserting her claims in the Illinois courts.

The second interest which weighs heavily in the balance is that of the plaintiff's children. The court must determine the extent of prejudice to their interest by absence from the adjudication. The nature of the interest, the degree of impairment to that interest, and the extent to which their in-

---

*Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

**3.** The Illinois Long-Arm Statute does provide for service of process on nonresidents who "[own], use, or [possess] . . . any real estate situated in this State." Ill.Rev.Stat., ch. 110, § 17(c). The record here does not reveal whether the trust assets include real estate allowing service pursuant to this section. In any event, § 17 has been construed to allow the assertion of personal jurisdiction to the extent permitted by the Due Process Clause. *Fisons*

*Limited v. United States*, 458 F.2d 1241, 1250 (7th Cir.), *cert. denied*, 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972); *Tankersley v. Albright*, 374 F.Supp. at 533.

The court in *Tankersley* held in the alternative, that the beneficiaries also had sufficient contacts with the state to conclude that they had transacted business in Illinois under § 17(a). 374 F.Supp. at 535, 537.

**4.** The district court in *Tankersley* in fact had premised jurisdiction on an analysis similar to that required by *Shaffer*. 374 F.Supp. at 533.

terest is already adequately represented by parties to the litigation have all been viewed as relevant components of prejudice.

The plaintiff argues principally that the nature of the children's interest under Illinois law—contingent takers on default of appointment—is not great enough to warrant their indispensability.[5] We do not dispute that some future interests may well be too remote to warrant dismissal under Rule 19. *See e. g., Rousseau v. U. S. Trust Co. of New York,* 422 F.Supp. 447, 451 (S.D.N.Y. 1976). The interests of Kirsten and Eric, although contingent, simply cannot be characterized as remote. Contingent future interests, some substantially *more* remote than those at issue, have long been considered important enough to support indispensability. *Matthies v. Seymour Manufacturing Co.,* 270 F.2d 365, 370 (2d Cir. 1959), *cert. denied,* 361 U.S. 962 (1960); *Baird v. Peoples Bank & Trust Co.,* 120 F.2d 1001, 1003 (3d Cir. 1941); *Baker v. Dale,* 123 F.Supp. 364, 369–70 (W.D.Mo.1954); *Talbutt v. Security Trust Co.,* 22 F.Supp. 241 (E.D.Ky.1938).

Although the nature of the interest is important enough to warrant indispensability, other considerations may forestall the need for that result. With adequate representation in the action, potential prejudice is greatly reduced. Thus if there is an identity of interest between the absent beneficiary and one already a party to the action, dismissal is ordinarily avoided. *See Prescription Plan Service Corp. v. Franco,* 552 F.2d 493, 497 (2d Cir. 1977); *Britton v. Green,* 325 F.2d 377, 384 (10th Cir. 1963); *Green v. Green,* 218 F.2d 130, 143 (7th Cir. 1954), *cert. denied,* 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed. 1250 (1955); *Tankersley v. Albright,* 374 F.Supp. 530, 537 n.10 (N.D.Ill. 1973). This quite obviously is not a case where the interests of the absent beneficiary are represented by the beneficiary adjudicating the action. Nor do we find it appropriate to conclude that the plaintiff's children have an identity of interest with the trustee. Although cases have found a trustee adequate to represent the interests of beneficiaries in suits brought on behalf of the trust against third parties, this should not hold true in a contest essentially between the remaindermen and the income beneficiaries of a trust.

Moreover, even if their interests were represented, such representation in absentia often may not provide sufficient protection unless the court is also able to shape protective remedies. In *Tankersley,* this court determined that the beneficiaries defending an action brought by the trustees to gain permission to exercise their voting powers in favor of certain proposals, could adequately represent the interests of the absent beneficiaries. However, the court found that the beneficiaries' counterclaim against the trustees for dissolution of the trust could not be similarly regarded since in an action for dissolution, relief could not be fashioned to protect the absent beneficiaries. 514 F.2d at 965 n.17. The court stated:

> Dissolution would of course cut to the heart of the interests of all beneficiaries who would seek to preserve the trust, and any decree limited so as to declare the trust invalid without affecting the trust itself . . . would be useless to the [plaintiffs] and a futile exercise of the court's jurisdiction.

514 F.2d at 966–67.

In *Tankersley,* the court admittedly determined only that the absent beneficiaries should be joined under Rule 19(a) and remanded the issue to the lower court for a determination of whether the action could proceed without their joinder. Thus although not deciding whether the absent beneficiaries were in fact indispensable un-

---

5. The trustee and the children have forwarded an alternative characterization of their interest under Illinois law, that of vested remainders subject to total divestment. We do not find it necessary, or even useful, to arrive at the proper Illinois characterization of the children's future interest. Rule 19 is concerned with practical impairment of valuable rights and not formalistic labels. Whatever its name, Illinois does consider the interests of a taker in default of appointment sufficiently valuable to subject it to taxation. *See Cook v. Dove,* 32 Ill.2d 109, 110–11, 203 N.E.2d 892 (1965); Ill.Rev.Stat., ch. 120, § 398.

der 19(b), the court invoked 19(b) considerations in support of its finding that the absent beneficiaries should be joined if feasible. We conclude that these considerations not only require joinder under 19(a) but dismissal under 19(b) as well.

*Tankersley* is authoritative support for the conclusion that in this action for trust dissolution the strong interests of the absent beneficiaries are not adequately represented by parties to the litigation, and that judicial relief cannot be shaped to overcome this prejudice. Since we believe that plaintiff does have an alternate forum available, the action was properly dismissed.[6]

### III

The plaintiff sought to avoid dismissal by realigning her children as plaintiffs and thereby maintaining diversity of parties. The district court properly denied realignment. In *Green v. Green*, 218 F.2d 130 (7th Cir. 1954), *cert. denied*, 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed. 1250 (1955), a panel of this court split on the proper standard to be applied on motions for realignment. The majority believed that "attitude and conduct . . . toward the controversy" could be determinative of proper alignment. *Id.* at 144. The dissenting judge considered only the adverseness of the parties' legal interests. *Id.* at 137. As applied to this case, plaintiff's children should not be realigned under either standard. Their legal interests are in diametric opposition. Their "attitude" toward the controversy is evidenced by their affidavits attesting opposition to termination of the trust. The judgment of the district court is affirmed.

AFFIRMED.

---

**6.** The other two interests examined by the Supreme Court in *Provident Tradesmens*—those of the public and the defendant—also do not weight in favor of federal retention of the suit.