**Nancy McKinnon HINSDALE, Plaintiff,**

v.

**The FARMERS NATIONAL BANK AND TRUST COMPANY, Defendant.**

Civ. A. No. C 81–2441 Y.

United States District Court,
N. D. Ohio, E. D.

March 25, 1982.

---

Marvin L. Karp, Cleveland, Ohio, for plaintiff.

S. Stuart Eilers, Cleveland, Ohio, for defendant.

## MEMORANDUM

ANN ALDRICH, District Judge:

Pending before the Court is defendant's Motion to Dismiss for failure to join a party under Rule 19. For the reasons set forth below, the Motion is granted and the Complaint herein is dismissed.

Plaintiff Nancy McKinnon, a citizen of California and one of the beneficiaries of each of two trusts, seeks monetary damages, restoration of trust assets, and removal of defendant Farmers National Bank and Trust Company (the "Bank") on the ground that defendant Bank, a national banking corporation incorporated under the laws of the United States and having its principal place of business in Ohio, breached the fiduciary duties it owed to plaintiff. Although not specifically alleged, jurisdiction is apparently predicated on diversity.

## I

It appears from the pleadings that the "Bowes Trust", established in 1956, names

plaintiff's mother, Jane McKinnon, as co-Trustee with defendant Bank, although defendant Bank has the sole discretion to distribute the income of the trust amongst a number of named beneficiaries, and that at least since December of 1976, the only living beneficiaries have been, and continue to be, plaintiff Nancy McKinnon, her mother Jane McKinnon, and her brother P. C. McKinnon, Jr.[1] Plaintiff alleges that the terms of the Bowes Trust provide that upon the death of plaintiff's mother, all assets are to be distributed "free and clear of any trust" equally to her and her brother. She further alleges that the Bank has, since 1975, made a large number of commercial and personal loans to her brother, and has distributed approximately 94% of the trust income to her brother and only 6% to her; moreover, that the Bank has converted substantial amounts of equity assets of the Bowes Trust to fixed income investments in order to channel additional income to her brother so that the loans made to him by the Bank could be serviced.

It further appears from the pleadings that the "McKinnon Trust", established in 1975, names the defendant Bank as sole Trustee of both "McKinnon Trust A", for the benefit of plaintiff's mother, and "McKinnon Trust B", the income from which, in the Bank's discretion, may be accumulated, or applied to the benefit of plaintiff, her mother, or her brother. Plaintiff alleges that from 1976 through 1980 the Bank distributed approximately 48% of the income from the McKinnon Trusts to her brother and/or his creditors, the remaining income to her mother, and none of the income to plaintiff.

## II

### A.

Rule 19 requires a two step analysis. Subsection (a) provides:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the

subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest...

■ A person falling within this description must be joined, where feasible. Only where joinder is not feasible, or where joinder would destroy the jurisdiction of the Court, must the analysis required by 19(b) be made, e.g., "whether in equity and good conscience the action should proceed, . . . or should be dismissed, the absent person being thus regarded as indispensible." Fed.R. Civ.P. 19(b). See *Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1150–1151 (7th Cir. 1979); *Kaplan v. Industrial Risk Insurers*, 86 F.R.D. 484, 487 (E.D.Pa.1980).

Plaintiff argues that neither the other income beneficiaries (her mother and brother) nor the remaindermen (presumably her brother's and her children) fall within the categories of persons who should be joined "if feasible", asserting (1) that the relief sought is limited to damages from, and the removal of, the defendant Bank as trustee; and (2) that no one's interest will be impaired or impeded because his or her position will be vigorously argued by one of the existing parties.

■ This Court cannot agree. At a minimum, plaintiff's mother, Jane McKinnon, is a person who should be joined, pursuant to Fed.R.Civ.P. 19(a). Jane McKinnon is a co-Trustee of the "Bowes Trust", and even though under the terms of that Trust she may bear no legal responsibility for the distribution of the Trust income amongst the income beneficiaries, she may well share responsibility with the defendant Bank

[1]. Copies of the Trust instruments are *not* attached as Exhibits to the pleadings, allegations of the Complaint to the contrary notwithstanding.

Trustee for the alleged conversion of substantial amounts of equity assets of the "Bowes Trust" to fixed income investments, complained of by plaintiff in Count I, para. 8 of the Complaint.[2] Even more important is Jane McKinnon's position as an income beneficiary (together with her son and plaintiff daughter) of both trusts. If plaintiff should prevail in her claim against the Bank for wrongfully distributing the lion's share of the trust incomes to her brother, neither the Bank nor the plaintiff can be counted upon to vigorously assert Jane McKinnon's interest in any share of the compensation for lost income claimed by plaintiff. Hence, the failure to include Jane McKinnon as a party not only impairs her ability to protect her interest, but also leaves the defendant Bank subject to the risk of incurring "double . . . or otherwise inconsistent obligations".

**B.**

Having determined that Jane McKinnon is otherwise one of the persons described in Rule 19(a), the perplexing question is whether such joinder is feasible, and whether it will deprive this Court of jurisdiction. Rule 19(c) requires the plaintiff to state the names, if known, of persons described in 19(a)(1)–(2) who are not joined, and the reasons why they are not joined. The plaintiff has not done so. Precedent exists for reminding the plaintiff that

> . . . [we] are engaged in a lawsuit, not a poker game, and if the plaintiff chooses not to recite the facts about the other beneficiaries [or co-Trustee] under these circumstances particularly where she was obligated to do so by F.R.Civ.P. 19(c), we will assume that . . . if joined, [they] would destroy diversity. *Stevens v. Loomis*, 334 F.2d 775, n. 1 at 776 (1964).

Hence, it is assumed that the joinder of Jane McKinnon would destroy the jurisdiction of this Court.

**C.**

Rule 19(b) provides that when a person, such as Jane McKinnon, cannot be joined, the action should be dismissed only if the court determines that it cannot in "equity and good conscience" proceed without the absent party. A balancing of four interests is required:

1) the availability of a forum for plaintiff;

2) defendant's interest in avoiding a multiplicity of suits;

3) the protection of the absent non-party's interests;

4) public interest in the efficient settlement of disputes.

See *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Rule 19 also requires the court to consider shaping relief to protect the absent party, as an alternative to dismissal.

Careful consideration of the circumstances here results in a balance tipped inescapably towards dismissal. There has been no suggestion that the inclusion of Jane McKinnon as a party will result in the denial of a forum for the plaintiff;[3] and as has been discussed, *supra*, the failure to include Jane McKinnon, or the remaindermen of the two trusts, will subject the defendant Bank to the risk of multiple litigation, should plaintiff prevail herein. In light of Jane McKinnon's interests as both a potential co-defendant Trustee and a potential co-plaintiff income beneficiary, her inclusion as a party must be deemed necessary. Neither of the existing parties can be expected to truly represent her interests,

---

**2.** Plaintiff's children, if any, and her brother's children, as remaindermen, may also fall within the description of persons who should be joined, pursuant to Rule 19(a); in view of the Court's disposition of this case, and the failure of the pleadings to include specific allegations about either the existences or the residences of the remaindermen, the Court makes no determination with respect to them.

**3.** Plaintiff's Opposition to the Motion to Dismiss suggests that it may be "difficult" to obtain personal jurisdiction over her brother or his children; it does not say "impossible"; and it makes no mention of her mother, Jane McKinnon.

and without ascertaining what they are it will be well nigh impossible to fashion relief so as to protect them. In such circumstances, no amount of public interest in the efficient settlement of a dispute should require the exercise of this Court's jurisdiction.

### III

For the reasons set forth above, defendant's Motion is granted, and the Complaint is dismissed, without prejudice, pursuant to Rule 12(b)(7), at plaintiff's costs.

IT IS SO ORDERED.