**RONSON CORPORATION, Plaintiff,**

v.

**The FIRST STAMFORD CORPORA-TION, Defendant.**

**Civ. No. 13279.**

United States District Court
D. Connecticut.

Jan. 6, 1970.

Francis J. McNamara, Jr., Cummings & Lockwood, Samuel V. Schoonmaker, III, Stamford, Conn., for plaintiff.

Gordon R. Paterson, Durey & Pierson, Stamford, Conn., for defendant.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

The issue presented is whether the defendant's motion to dismiss the complaint must be granted for failure to join an indispensable party, whose presence would destroy diversity jurisdiction. Rule 19(b), F.R.Civ.P.

The plaintiff, Ronson Corporation, ("Ronson"), a New Jersey corporation with its principal place of business in that state, instituted this diversity action on September 19, 1969, against the defendant, The First Stamford Corporation, ("First Stamford"), a Connecticut corporation with its principal place of business in this state. The defendant claims that the Mechtronics Corporation, ("Mechtronics"), which maintains its principal place of business in Connecticut, is a required party plaintiff in this action.

FACTS

First Stamford as landlord and Ronson as tenant entered into a written agreement dated June 9, 1954, pursuant to which Ronson leased certain commercial property for its own use in Stamford, Connecticut, for an initial term of 15 years, commencing January 1, 1955. Ronson at its option had the right to extend the term of the lease for an additional ten years. Under paragraph 20 of the lease, Ronson could request First Stamford to construct additional factory space on the premises and, in that event, the term of the lease would be extended for a period of 15 years from the date of completion of the addition.

The lease permitted Ronson to sublease to a responsible party and on December 9, 1968, Mechtronics and Ronson entered into agreement whereby Ronson moved out and Mechtronics took exclusive possession of the premises for a term of years through 1975. Two weeks later Ronson exercised its option under the first lease to renew that lease for an additional five years from the expiration of the original term.

Soon after Mechtronics commenced occupancy, relations became strained between Mechtronics and First Stamford and between Ronson and First Stamford. The pleadings, moving papers, and briefs indicate the following grievances, among others, exist:

1) Ronson complains that First Stamford refuses to honor its commitment under paragraph 20 of the lease to construct an extension to the building, that First Stamford has "wrongfully and maliciously" interfered with Mechtronics' right to quiet enjoyment, that it "repeat-

edly harassed and annoyed" Mechtronics, that it "arbitrarily and improperly" refused Mechtronics' permission to install necessary electrical equipment, that it refuses to cooperate "in any way with [Ronson] and Mechtronics Corporation in carrying out the terms of the June 9, 1954 agreement," and that it has attempted to induce Mechtronics to breach its contract with Ronson;

2) First Stamford contends that Mechtronics, with Ronson's knowledge and consent, improperly entered into an agreement with The Hartford Electric Light Company ("Helco") for the installation of certain electrical equipment, that Mechtronics without permission converted factory space into office space and installed "masonry and wooden walls, boilers, hung ceilings, recessed lighting, convectors and conductors," and that both Ronson and Mechtronics breached the express and implied terms of the 1954 agreement which entitles First Stamford to terminate the lease.

## STATE COURT ACTIONS

On May 22, 1969, First Stamford instituted suit against Helco in the Court of Common Pleas of Connecticut, seeking injunctive relief compelling Helco to restore the premises to its original condition and to remove all of its electrical equipment. Mechtronics was granted permission to implead. In addition, Helco has filed a third party complaint against Mechtronics and Ronson, which Ronson resists on jurisdictional grounds.

On June 24, 1969, Mechtronics commenced an action against Ronson and First Stamford in the Superior Court of Connecticut, claiming that its right to quiet enpoyment has been violated, that Helco should proceed undisturbed, and that it is entitled to specific performance of the "1954 lease." In this state action, Ronson has filed a motion to dismiss on jurisdictional grounds.

## FEDERAL COURT SUIT

The instant action was brought by Ronson against First Stamford on July 17, 1969; Mechtronics is not a party. The complaint in three counts, in addition to damages, seeks declaratory and injunctive relief to require First Stamford to build an additional structure on the premises for use by Mechtronics under its sublease with Ronson, to enjoin First Stamford from interfering with the relationship between Ronson and Mechtronics and Mechtronics' quiet enjoyment of the premises, and to restrain First Stamford from hindering or delaying the installation of certain electrical equipment required by Mechtronics.

First Stamford moves to dismiss on the ground that Mechtronics is an indispensable party whose joinder will destroy diversity jurisdiction. Ronson denies Mechtronics is a required party under Rule 19 of the Federal Rules of Civil Procedure.

## RULE 19, F.R.CIV.P.

Rule 19 in pertinent part reads as follows:

Rule 19. Joinder of Persons Needed for Just Adjudication

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined

party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■ It seems clear that Mechtronics is within the class of persons that, under (a), should be "joined if feasible." Each one of Ronson's causes of action directly relates to Mechtronic's tenancy in First Stamford's building; a grant of relief will greatly enhance the tenancy while a denial will seriously affect, if not terminate, the tenancy. Since it is not "feasible" to join Mechtronics because diversity will be destroyed, the question becomes one to which (b) addresses itself: should the court dismiss the action or proceed without it? Provident Tradesmens Bank v. Patterson, 390 U.S. 102, 107–109, 88 S.Ct. 733, 19 L.Ed.2d 936 (1967).

After a consideration of the four factors or "interests" suggested by Rule 19(b), see also Provident Bank v. Patterson, supra, at 109, 88 S.Ct. 733, this Court concludes that in equity and good conscience the nonjoined Mechtronics is an indispensable party to this lawsuit and, therefore, the action must be dismissed.

■ First, there is little question that any judgment rendered will substantially affect Mechtronics' possession and use of the property. Indeed Mechtronics itself recognizes this fact. In a carefully worded affidavit submitted to the Court by Mechtronics' president, it is admitted that Mechtronics will "benefit" from a decision in Ronson's favor and that it has no objection to Ronson "obtaining all the relief it is seeking." If Ronson is successful, Mechtronics will occupy additional space, desired electrical equipment will be installed, First Stamford will be unable to terminate the 1954 lease under which Mechtronics is a subtenant, and Mechtronics' quiet possession will be insured by a court order. Thus it is not difficult to perceive why Mechtronics has "no objection" to a Ronson victory; the alignment of interests is clear.

However, the Court must also recognize the possibility of a Ronson defeat, not discussed in the Mechtronics' affidavit. In such event, whether or not Mechtronics may be technically "bound" by the judgment under the principles of *res judicata*, a First Stamford victory will obviously impair Mechtronics' exclusive possession, use, and enjoyment of the premises in question.

First Stamford must also be protected from multiple litigation. For example, the issue concerning the right to install electrical equipment on the premises and the question of quiet enjoyment have been presented to two sets of courts. Not only are inconsistent judgments a distinct possibility, but future litigation is inevitable if First Stamford wins and attempts to impose its federal decree upon Mechtronics, a nonparty in the federal litigation.

■ A second factor to be considered is whether a judgment can be shaped to avoid prejudice to the absent Mechtronics. Since Mechtronics' property interests and rights are directly involved in this litigation, it is clear that a meaning-

ful, final decree cannot be entered without affecting those interests and rights. An "adequate" judgment—the third factor to be weighed—necessarily means a viable, effective judgment; and, as indicated, a judgment granting First Stamford relief would almost certainly result in a new lawsuit if enforcement was sought.

Finally, the state forum is open to the plaintiff without hardship. There are two suits now pending in the state courts which involve the primary issues raised in the instant litigation. All the questions presented are controlled by state law, "a subject which is generally within the expert dominion of state rather that federal judges." Travelers Indemnity Company v. Winmill, 294 F. Supp. 394, 398 (D.C.Minn.1968). Ronson's presence in the state forum is de- desired by Mechtronics as well as First Stamford, and no sound reason has been advanced for its reluctance to submit itself to that jurisdiction.

Accordingly, the defendant's motion to dismiss is granted.