**BURGER KING CORPORATION, a Florida corporation, Plaintiff,**

v.

**AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee under Trust No. 12472, Defendant.**

**No. 87 C 7852.**

United States District Court, N.D. Illinois, E.D.

March 17, 1988.

date certain to show cause why he should not be adjudged in contempt by reason of the

facts so certified. . . .

Wilbert F. Crowley, Marcia E. Doane, Cowen, Crowley, Nord & Doane, P.C., Chicago, Ill., for plaintiff.

Bruce S. Sperling, Eugene J. Frett, Sperling, Slater & Spitz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff Burger King Corporation ("Burger King"), a Florida corporation with its principal place of business in Florida, has brought this action seeking a declaration of its rights and obligations under its lease-by-assignment of certain premises located at 3029 North Broadway, Chicago, Illinois ("Premises") and owned by defendant American National Bank and Trust Company of Chicago ("American"), an Illinois State banking corporation with its principal place of business in Chicago, Illinois. American has moved to dismiss the complaint pursuant to Rules 12(b) and 19 of the Federal Rules of Civil Procedure, on the grounds that Dr. Chandulal Patel ("Patel"), Burger King's franchisee and subtenant at the Premises, is an indispensable party plaintiff in this action whose joinder is not feasible because, being a citizen of Illinois, his joinder would defeat the diversity jurisdiction of this court. For the reasons set forth below, the motion to dismiss is granted.

### FACTS

The facts in this case are not complex. On November 9, 1972, American leased the Premises to Chart House, Inc. ("Chart House"). The lease (the "Prime Lease") included a clause providing that:

> Tenant may not assign this Lease or sublet all or portions of the Leased

Premises without Landlord's consent. Such consent will not be unreasonably withheld provided the use by the new occupant shall not conflict with the Lease entered into by and between landlord and the other Tenant occupying the space on the land described in Exhibit "A" attached hereto, such Lease being a Lease having been executed at the time of this Lease and any Lease executed prior to any assignment or sublet under this paragraph. But in no event would a prospective Tenant be restricted from use of the Premises as now permitted by this Lease.

Prior to 1983, Chart House, Inc. sublet the Premises to an unnamed third party. In 1983, this subtenant assigned his sublease (the "Sublease") to Patel, who remained as subtenant when, in October, 1985, Chart House, with American's consent, assigned the Prime Lease to Burger King as part of Burger King's acquisition of Chart House.

Early in 1987, Patel informed Burger King that he wished to assign the Sublease to David J. Breitbach, Lillian A. Breitbach, and Robert J. Devereaux ("Proposed Subtenants"). On April 16, 1987, Burger King wrote to American for its consent to Patel's proposed assignment of the Sublease. On May 18, Burger King, at American's request, provided American with financial and business information relating to the Proposed Subtenants.

On June 16, 1987, American informed Burger King that it would not consent to the proposed assignment of the Sublease. Shortly thereafter, Burger King instituted this action against American for a declaration of its rights and obligations under the Prime Lease. Burger King asked this court to declare either: that Burger King is not required to obtain American's consent to Patel's assignment of the Sublease to Proposed Subtenants; or, that American has unreasonably withheld its consent to such proposed assignment.

On September 18, 1987, after receiving the complaint, Lessor sent Burger King a notice of default ("Notice of Default") claiming that Burger King has violated the Prime Lease in two distinct ways: First, by subleasing the Premises without American's consent; second, by allowing the Premises to be maintained in violation of the Building Code of the City of Chicago and in non-compliance with other "laws, requirements and regulations," including American's mortgage agreement.

Burger King has since filed an amended complaint ("First Amended Complaint"), adding Counts II and III, which seek, respectively, a declaration that Burger King is not in default by virtue of Patel's Sublease and a declaration that Burger King is not in default by virtue of the conditions of the Premises.

American has now moved to dismiss the First Amended Complaint on the grounds that Patel is a Rule 19 indispensable party to this lawsuit whose joinder is not feasible because joining him would destroy this court's diversity jurisdiction over the subject matter of the dispute. Burger King insists that the omission of Patel from this lawsuit does not justify dismissal because he is not an indispensable party; indeed, Burger King maintains that Patel is not even a Rule 19(a) whose joinder would be required "if feasible."

## DISCUSSION

Rule 19 sets forth "a two-step inquiry for determining when it is proper to dismiss an action for inability to obtain jurisdiction over an individual with an interest in the litigation." *Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1150 (7th Cir. 1979). Rule 19(a) establishes the criteria for "necessary" [1] parties—"those persons who should be joined as parties to the action." 7 *Wright, Miller & Kane, Federal Practice and Procedure: Civil* § 1604 at 36–37. It embraces "all those persons

---

1. Although the term "necessary" parties has been omitted from the Federal Rules "to emphasize that the real purpose of this rule is to bring before the court all persons whose joinder would be desirable for just adjudication," 7 *Wright, Miller & Kane, Federal and Procedure: Civil* § 1604 at 36–37, courts still generally employ the term to refer to parties who satisfy the criteria of Rule 19(a) persons "to be joined if feasible."

who should be joined, including those whose joinder is not feasible and who ultimately may be regarded as indispensable under Rule 19(b)." *Id.*

If a court determines that an absent person satisfies the Rule 19(a) criteria, he must be joined if his joinder is feasible. Only if joinder is not possible—i.e., the court lacks personal jurisdiction over him or joining him would destroy the court's subject matter jurisdiction—does Rule 19(b) come into play. 7 *Wright, Miller & Kane, Federal Practice and Procedure: Civil* § 1607 at 84.

Rule 19(b) sets forth a four-factor test for determining whether a Rule 19(a) necessary party is so "indispensable" to the litigation that the court cannot "in equity and good conscience," proceed in his absence. *See generally Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Northrup Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir.1983). If the absent person is not an indispensable party, the case can go forward without him. If he is, the case *must* be dismissed. *Hansen v. Peoples Bank of Bloomington*, 594 F.2d at 1151.

### Rule 19(a)

Rule 19(a) provides in pertinent part that: A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest....

American claims that Patel has an interest in this action by virtue of his sublease, that this interest may, as a practical matter, be impaired by the instant lawsuit and that, accordingly, Patel is a necessary party here.

Burger King argues, however, that American misconstrues the nature of the "interest" contemplated by Rule 19(a). It points out that, under Illinois law, a subtenant has no right vis-a-vis a prime lessor by virtue of his sublease. *See Swap Shop, Inc. v. M & R Amusement Corp.*, 102 Ill.App.3d 926, 58 Ill.Dec. 467, 430 N.E.2d 499 (1981); *Ford v. Jennings*, 70 Ill.App.3d 219, 26 Ill.Dec. 295, 387 N.E.2d 1125 (1979). Accordingly, it insists that Patel does not have a "legally protected interest" in the Lease—"the subject matter of the action" —and is thus not a necessary party here.

The defect in Burger King's argument lies not in Burger King's "narrow" construction of the interest requirement, for the non-party's interest must indeed be "legally protected" to be cognizable under Rule 19(a). 3A *Moore's Federal Practice* ¶ 19.07[2] at 19–99 ("The 'interest relating to the subject matter of the action,' that makes an absent party a party needed for just adjudication must be a legally protected interest, and not merely a financial interest or interest of convenience."). Rather, Burger King errs because it misreads the "subject matter of the action" requirement.

■ Despite the plethora of Rule 19(a) cases, there is a striking paucity of analysis focusing on the "subject matter" prong of the "interest relating to the subject matter of the action" requirement. In most cases this poses no problem: If the absent party has a legally protected interest *in* the subject matter of the action—i.e., he is a party to a contract at issue—he falls squarely within the terms of Rule 19(a)(2). *See, e.g., Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C.Cir.1983) ("an action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined"). If, on the other hand, he has only "a financial interest, or [an] interest of convenience," in the action, *Moore's Federal Practice* ¶ 19.07[2] at 19–99, he falls outside the Rule's bounds. *See, e.g., La Chemise LaCoste v. General Mills, Inc.*, 53 F.R.D. 596 (D.Del.1971) (parent corporation is not party to be joined if feasible in action against subsidiary), *aff'd*, 487 F.2d 312 (3d Cir.1973). *See also* 7 *Wright, Miller & Kane, Federal Practice*

*and Procedure: Civil* § 1613 at 188 (assignor of rights and liabilities under a contract is not necessary where he has assigned all his rights, but may be necessary where he has made only partial assignment).

In a small number of cases, however, a determination of whether a party has a sufficient interest in the action to require his joinder if feasible is more difficult. These cases involve absent persons with legally protected interests which could be affected by the lawsuit, but who have no legal rights vis-a-vis their adversaries in the action. Are these interests sufficiently "related to the subject matter of the action" so as to bring them within Rule 19(a)(2)?

Courts generally have avoided coming to grips with the Rule 19(a)(2) problem by either assuming arguendo that the absent person is necessary and moving directly to the "indispensability" test, or by disposing of the Rule 19(a) inquiry under another aspect of the subsection. *See, e.g., Northrup Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1044 (9th Cir.1983) (government was not a party to be joined if feasible in action between two private parties despite its rights to data at issue in the action because its failure to seek intervention in the case evidences that it did not fear impairment of its rights); *Helzberg's v. Valley West Des Moines,* 564 F.2d 816 (8th Cir.1977) (third jewelry store was party to be joined if feasible, but not indispensable party, in action for injunction brought by first jewelry store against lessor alleging that lessor violated terms of lease by leasing to more than two jewelry stores in same shopping area); *Ronson Corp. v. First Stamford Corp.,* 48 F.R.D. 374 (D.Conn.1970) (subtenant was indispensable where litigation between tenant and owner could effectively terminate sublease).

■ A close reading of Rule 19(a) indicates that the answer lies not in the "interest" prong of the requirement, but rather in the largely overlooked "subject matter of the action" prong. The rule does *not* state that the absent party must have an interest *in* the *action;* instead, it requires only that he have an interest *"relating to* the *subject matter of* the action." Rule 19(a)(2). Thus, where ownership or possessory interests in real estate (*e.g., Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 788 (D.C.Cir.1983) (persons holding "proprietary interests" in federal lease which plaintiff sought to cancel on the grounds that it was issued to person who had submitted false application to government were parties to be joined if feasible); *Doty v. St. Mary Parish Land Corp.,* 598 F.2d 885 (5th Cir.1979) (mineral leases and royalty holders were necessary parties within Rule 19 in action brought by plaintiffs to be declared owners of land held by defendant corporation who had entered into the mineral leases); *Ronson Corp. v. First Stamford Corp., supra* ), personal property (*e.g., Harvey Aluminum Corp. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.) (possession of assets in action for specific performance of contract to sell assets), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953)), or intangible property (*e.g., Northrup Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1044 (9th Cir. 1983)) is at issue, any party with a (claim to a) legally protected interest in the property is a potential Rule 19(a) party.[2] *See also Challenge Homes v. Greater Naples Care Center,* 669 F.2d 667 (11th Cir.1982) (in action to cancel lease and for accounting, president of plaintiff corporation was a party to be joined if feasible "inasmuch as any recovery by Challenge against GNCC necessarily would be based on a finding that [plaintiff's president] breached his fiduciary duty to Challenge"). *Compare Haby*

---

**2.** The rule that a transferee is a necessary party in an action for wrongful transfer of property against the transferor "if the relief sought requires a return of the property or otherwise affects the transferee's property interest," 3A *Moore's Federal Practice* ¶ 19.09[5], p. 19–186–88, but not if the action is one for damages, *id.,* supports this reasoning. In both sets of cases the transferee has an "interest relating to the subject matter of the action," but only in the former does he meet the requirement of Rule 19(a)(2)(i) that he be so situated that the disposition of the action in his absence "may as a practical matter impair or impede [his] ability to protect that interest."

*v. Stanolind Oil & Gas Co.*, 228 F.2d 298 (5th Cir.1955) (in action by lessor to terminate oil and gas lease, owner of *separate* land covered by same lease need not be joined); *Gould v. Lumonics Ltd.*, 495 F.Supp. 294 (D.C.Ill.1980) (assignee of interest in *gross income* derived from patent is not party to be joined if feasible in patentholder's infringement suit where all parties agreed he was not intended to have ownership interest in the patent).

■ In this case, Patel clearly has legally protected interests—his rights under the Sublease—relating to the subject matter of the dispute—the Premises. *See 8930 South Harlem, Ltd. v. Moore*, 77 Ill.2d 212, 32 Ill.Dec. 888, 396 N.E.2d 1 (1979) (a lease is "a conveyance of an interest in real estate ..."). Thus, although he is not a party to the lease, and may not have any rights pursuant to it,[3] he is an interested party within the terms of Rule 19(a)(2).[4]

This finding does not quite end the Rule 19(a) inquiry, however. Having determined that the absent party has an interest relating to the subject matter of this action, the court must then determine whether "the disposition of the action in [his] absence may as a practical matter impair or impede [his] ability to protect that interest." Rule 19(a)(2)(i); *Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1150 (7th Cir.

1979). *See generally* 3A *Moore's Federal Practice* ¶ 19.07[2.1] at 19–103—19–105.

Patel's ability to protect his interests obviously could be severely impaired by this lawsuit. If Burger King loses on Count I, Patel will be prohibited from assigning his sublease. *See Moran v. Commonwealth Edison Co.*, 74 Ill.App.3d 964, 30 Ill.Dec. 922, 393 N.E.2d 1269 (1979) ("[S]ublessee plaintiffs have only the rights in the premises leased as were vested in and possessed by their lessors...."). If Burger King loses on Counts II or III, Patel's lease could terminate. *Wilson Broadway Building Corp. v. Northwestern Elevated Rd. Co.*, 225 Ill.App. 306, 312 (1922) ("The termination of [a] top lease *ipso facto* works a termination of a sublease."). *See also Hansen v. Peoples Bank of Bloomington*, 594 F.2d at 1151 (remaindermen of trust were Rule 19(a) parties where a "judgment in favor of termination [of the trust] ... might actually operate to terminate their interest").

Despite these risks, Burger King argues that disposition of this lawsuit in Patel's absence does not "as a practical matter" endanger Patel's interests, for two reasons: First, because Burger King will adequately represent Patel's interests in the action; second, because Patel has chosen not to intervene.

---

**3.** Although this court does not agree with Burger King's argument that a person must be a Rule 17 "real-party-in-interest" in order to qualify as a Rule 19(a) party to be joined if feasible, *see NLRB v. Doug Neal Management Co.*, 620 F.2d 1133, 1139 (6th Cir.1980) (where contracts are interdependent, a party to one may be party to be joined if feasible in action on another), it should be noted that Burger King's assumption that Patel would not be a real-party-in-interest in a declaratory judgment action against American is far from clear. Patel may well be a third-party beneficiary of American's promise not to unreasonably withhold its consent to assignments or subleases, *May's Family Centers, Inc. v. Goodman's Inc.*, 571 F.Supp. 1012 (D.C. Ill.1983). Moreover, even if the sublease did not create any contractual rights and obligations between American and Patel, Patel remains bound by restrictions in the chain of title created by the lease. *Ford v. Jennings*, 70 Ill. App.3d 219, 26 Ill.Dec. 295, 387 N.E.2d 1125 (1979). Thus, it is possible that Patel could have

brought an action on his own behalf against American to have his rights under the Sublease declared. Whether he could or could not have done so, however, does not affect the resolution of this case.

**4.** The interplay of federal and state law in joinder cases has been settled for some time:

[I]n diversity suits, state law clearly determines the nature of an individual's interest in a particular controversy or in the subject matter of a dispute. The federal rules and the precedents construing them govern whether the absentee's particular interest, as defined by state law, should be treated as making his joinder desirable or imperative in an action in federal court.

7A *Wright, Miller & Kane, Federal Practice and Procedure: Civil* § 1603 at 31; *Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968) ("in a diversity case the question of joinder is one of federal law").

### 1. *Adequate Representation*

■ The caselaw makes clear that the potentially prejudicial effect on an absent party will "not of itself require his joinder if his interests are fully represented by parties present." [5] 3A *Moore's Federal Practice* ¶ 19.07[2.1] at 19–104—19–106 (citing numerous cases). It is also clear, however, that at least in the Seventh Circuit, mere similarity of interest will not do; there must be "an identity of interest between the absent [party] and the one already a party to the action." *Hansen v. Peoples Bank of Bloomington,* 594 F.2d at 1153.

In this case, the interests of Burger King and Patel simply are not identical. To be sure, both seek determinations that they have not violated the provisions of the Lease, and that the Lease provides for assignment of subleases. But Patel, as the subtenant-in-possession, stands at greater risk than Burger King; for if the court finds the Premises to be in violation of the Lease or the law, Patel may be liable for damages to Burger King. Furthermore, if Burger King loses on the assignability of the sublease issue, Patel will be forever prevented from assigning the Sublease, while Burger King will retain the option of terminating the Sublease and then re-subletting the Premises. Accordingly, the similarity of interest between Burger King and Patel does not suffice to remove the necessity for joining Patel if feasible here.

**5.** Where the potential harm to the absent person is only one of the grounds for seeking a Rule 19(a) determination—i.e., where there is also the risk that, "in the person's absence, complete relief cannot be accorded among those already parties," Rule 19(a)(1), or the person's absence may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest," Rule 19(a)(2)(ii)—the fact that one of the parties may fully represent the absent person's interest will not remove the latter's Rule 19(a) status. *E.g., Gottlieb v. Vaicek,* 69 F.R.D. 672 (N.D.Ill.1975), *aff'd,* 544 F.2d 523 (7th Cir.1976) (although two plaintiffs would adequately represent interests of absent person, latter remained necessary party because litigation in her absence could preclude full relief in the action).

### 2. *Opportunity to Intervene*

Courts frequently consider the refusal of an absent party to seek intervention as a factor mitigating against the necessity of joining him pursuant to Rule 19(a). 3A *Moore's Federal Practice* ¶ 19.07[2.1] at 19–104—19–106. They reason that an absent person's decision to forego intervention indicates that he does not deem his own interests substantially threatened by the litigation; and if he does not, the court should not, absent special circumstances, second-guess this decision. *E.g., Northrup Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1035 (9th Cir.1983), *cert. denied,* 464 U.S. 849, 104 S.Ct. 156, 78 L.Ed.2d 144 (1984); *United States v. Sabine Shell, Inc.,* 674 F.2d 480, 483 (5th Cir.1982).

Whatever the merits of this reasoning when joinder would not threaten the court's diversity jurisdiction, it simply does not apply when joining the party would destroy absolute diversity between plaintiffs and defendants.

■ The explanation for the distinction lies in the somewhat anomolous rules pertaining to intervention. Under Rule 24(a), a Rule 19(a) "necessary" party has the right to intervene in an action. *See* 3A *Moore's Federal Practice* ¶ 19.01–1[5.6] at 19–34. Where his intervention would destroy absolute diversity, the federal court may exercise its ancillary jurisdiction and permit him to intervene; *provided* that he is not an indispensable party as defined by Rule 19(b). 7 *Wright, Miller & Kane, Fed-*

American briefly argues that Rule 19(a)(1) also makes Patel a party to be joined if feasible, since it might have to bring a separate action to evict Patel if it succeeds against Burger King. Thus, it argues, the adequacy of Burger King's representation of Patel is irrelevant to the Rule 19(a) inquiry. This argument is frivolous.

It is beyond cavil that "complete relief refers to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." 3A *Moore's Federal Practice* ¶ 19.07–1[1] at 19–96; 7 *Wright, Miller & Kane, Federal Practice and Procedure: Civil* § 1604 at 42–43. Accordingly, the potential need for future litigation between American and *Patel* is not relevant to deciding whether Patel is a party to be joined if feasible under Rule 19(a).

*eral Practice and Procedure: Civil* § 1610 at 150–55. If he *is* an indispensable party —if his presence in the action is so essential that Rule 19(b) would require dismissal of the action—then he may not intervene. *Chance v. County Board of School Trustees of McHenry County*, 332 F.2d 971 (7th Cir.1964). If he seeks to intervene and fails, the case must be dismissed. 7 *Wright, Miller & Kane, supra,* at 150.

The upshot of these rules is that an absent person who has a substantial interest in a lawsuit and who wishes to keep that lawsuit in federal court will *refrain* from seeking intervention, not because his interests in the suit are *de minimis* or are adequately represented by the parties to the lawsuit, but instead because he fears that demonstrating the degree of his interest in the lawsuit would ensure its dismissal.

In other words, Patel's failure to seek to intervene in this action between Burger King and American would provide evidence of his lack of interest in the dispute, or confidence in the representation to be provided by Burger King, only were his intervention possible without defeating diversity. Since it is not, his decision to forego intervention may well mean that he feels compelled by other considerations—i.e., his status vis-a-vis his lessor—to allow this case to go forward without him in federal court. But that choice, however well reasoned, is not relevant to his status under rule 19(a) (or, for that matter, Rule 19(b)). *See Gottleib v. Vaicek*, 69 F.R.D. 672 (N.D. Ill.1975), *aff'd*, 544 F.2d 523 (7th Cir.1976). Accordingly, the fact that Patel has chosen not to intervene in this case, and has provided an affidavit to that effect, does not alter his status as a necessary party under Rule 19(a). The remaining question, therefore, is whether he is an indispensable party under Rule 19(b), to which the analysis must now turn.

### Rule 19(b)

Rule 19(b) provides:

*Determination by Court Whenever Joinder Not Feasible.* If a person as described in subdivision (a)(1)–2 hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the party being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provision in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The four factor analysis mandated by Rule 19(b) thus overlaps to a large extent with that required by Rule 19(a). However, unlike Rule 19(a), Rule 19(b) provides for a pragmatic weighing of the relevant factors. *Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 109, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968); *Bio-Analytical Services v. Edgewater Hospital*, 565 F.2d 450, 452 (7th Cir.1977). *See also Bennett v. Tucker*, 827 F.2d 63 (7th Cir.1987) ("... Rule 19[ (a)(2)(i) ] *requires* persons to be joined if the judgment in a pending action, although not res judicata as to them, would so definitively establish their legal rights that it would be inequitable not to join them.") (emphasis added).

Having found that Patel is a necessary party here, this court has already determined that the first Rule 19(b) factor—the counterpart to Rule 19(a)(2)(i)—weighs in favor of dismissing the case. *See* 3A *Moore's Federal Practice* ¶ 19.07–2[1] at 19–133. At the same time, the third Rule 19(b) factor is not relevant to the indispensability determination here. *See id.* at 19.-07–2[3] at 19–147 (third rule 19(b) factor implicates interests similar to those of Rule 19(a)(1)). Thus, the important factors for determining whether, despite the absence of Patel, "equity and good conscience" call

**680**

for this case to proceed in federal court are the second and the fourth.

The second factor requires the court to consider whether it could shape its ultimate ruling so as to mitigate its effect on the absent party. *Hansen v. Peoples Bank of Bloomington,* 594 F.2d at 1151; 7 *Wright, Miller & Kane, Federal Practice and Procedure: Civil* § 1608 at 106. In this case, that would not be possible. Any decision affecting the conditions or validity of the Lease will automatically inhere to the Sublease. Although the court might, as a remedy for past breaches of the Lease, award damages to American in lieu of default or recission, *see generally* 3A *Moore's Federal Practice* ¶ 19.07–2[2] at 19–143, it simply could not avoid the prejudicial effect that a ruling for American, on the continued validity of the Lease, would have upon Patel's Sublease. Thus, the second factor does not weigh in favor of permitting this case to continue in Patel's absence.

Nor does the fourth. This factor instructs the court to consider whether "there is an adequate forum to determine the interests of the parties if the suit is dismissed from federal court." *Scoggins v. Fredrick,* 629 F.2d 426, 427 (5th Cir.1980); *Hansen v. Peoples Bank of Bloomington,* 594 F.2d at 1151. When the case involves a dispute over real property, and all the parties could be joined in state court, this factor actually mitigates in favor of *dismissal. Doty v. St. Mary Parish Land Corp.,* 598 F.2d at 888 ("real property disputes are particularly suited to resolution by state courts"). Since there appears no reason why Patel cannot be brought into the case if Burger King refiles in Illinois state court, this factor weighs in favor of finding Patel an indispensable party here.

Accordingly, this court concludes that Patel is both a Rule 19(a) party to be joined if feasible and a Rule 19(b) indispensable party. The case cannot proceed without him in federal court. Since his joinder would destroy diversity, the case must be dismissed.

CONCLUSION

American's motion to dismiss the case under Rule 12(b)(7) and Rule 19(b) is granted.