**Robert ROTH, Plaintiff,**

v.

**H.A.T. PAINTERS, INC., Defendant.**

**Civ. A. No. 88–4905.**

United States District Court,
E.D. Pennsylvania.

April 10, 1989.

David E. Sandel, Jr. of White & Williams, Philadelphia, Pa., for plaintiff.

Mari Gursky Shaw of Dechert Price & Rhoads, Philadelphia, Pa., Daniel J. King of King & Spalding, Atlanta, Ga., for defendant.

**MEMORANDUM AND ORDER**

DITTER, District Judge.

H.A.T. Painters, Inc. moves to dismiss the amended complaint[1] of Robert Roth pursuant to Fed.R.Civ.P. 12(b)(7) and Fed.R.Civ.P. 19 for failure to join Oliver P. Cannon & Sons, Inc. which defendant alleges is an indispensable party.[2] For the reasons which follow, I will deny HAT's motion.

According to plaintiff's amended complaint, in July, 1984, Roth and Arthur McDonald, the sole shareholders of International Coatings and Linings Corporation (ICLC) entered into a share purchase agreement with HAT. Pursuant to the agreement, HAT was to acquire all the outstanding stock of ICLC. In a contemporaneous agreement, Cannon, a wholly-owned subsidiary of HAT, employed Roth "for itself, for ICLC and ICLC's other subsidiaries," and for HAT and its other subsidiaries. Prior to the sale of ICLC, Roth was the chief executive officer of Cannon and, as a result of the executive employment agreement, continued as Cannon's CEO.

Roth alleges that in April, 1987, HAT, the sole shareholder of Cannon, directed him to give up his position as Cannon's CEO to a designee of HAT. Roth further contends that on July 31, 1987, he was named by HAT as chairman of the board of Cannon, a position with no significant management responsibilities, and in August, 1987, formally terminated by HAT. Roth was informed by a memorandum from the president of HAT that "[b]y a unanimous shareholders resolution of August 24, 1987, HAT Painters, Inc. selected a new board of directors for Cannon." The memorandum further ordered Roth to relinquish all responsibilities with regard to Cannon and to vacate its offices.

---

1. Plaintiff filed his initial complaint, and defendant moved to dismiss. After I conferred with the parties, plaintiff filed his amended complaint. Defendant filed its supplemental brief in support of its motion to dismiss as had been discussed and agreed upon during the conference. Thus, contrary to plaintiff's assertions, defendant's motion is properly before me.

2. Plaintiff is a citizen of Pennsylvania. Defendant HAT is a Delaware corporation with its principal place of business in Texas. Cannon is incorporated in Pennsylvania, and the parties agree that its addition as a defendant will destroy diversity.

Count I of Roth's amended complaint charges HAT with breach of the share purchase agreement. Count II sets forth a claim against HAT for breach of Roth's employment agreement with Cannon. Count III alleges that HAT has violated the Pennsylvania Wage Payment and Collection Law. Count IV asserts a claim against HAT for wrongful discharge. Count V seeks compensation from HAT for unjust enrichment. Count VI charges HAT with intentional interference with contractual relations. Finally, count VII alleges fraud, misrepresentation, and deceit on the part of HAT. In his prayer for relief following each count of his amended complaint, plaintiff requests his "immediate reinstatement as CEO of ICLC and Cannon" as well as a declaration that the restrictive covenant in the executive employment agreement is void, unreasonable, and unenforceable.

"Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of the particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968). Of necessity, an indispensability analysis is fact-specific, guided by the legal analysis outlined in Rule 19 of the Federal Rules of Civil Procedure. Therefore, "[t]he question of whether a person not joined is an indispensable party is determined on a case-by-case basis by (1) appraising his interest, and then (2) considering the equitable principles described in Rule 19." *Steel Valley Authority v. Union Switch & Signal Division*, 809 F.2d 1006, 1011 (3rd Cir.1987) (quoting 3A J. Moore, *Moore's Federal Practice* ¶ 19.02 n. 9.).

Rule 19(a), which determines whether a party is a necessary party who should be joined in the action, provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the parties already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). If a party falls into either of the above two categories, but may not be joined because jurisdiction would be destroyed, the court must determine under Rule 19(b) whether "in equity and good conscience" the action should proceed without the absent party or whether the absent party is indispensable and the action should be dismissed. *Steel Valley Authority*, 809 F.2d at 1013. If a party is determined not to be necessary, the inquiry under Rule 19 goes no further. *Bank of America National Trust and Savings Association v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1054 (3d Cir.1988).

Initially, I note HAT is obviously the proper defendant as to counts I, V, VI, and VII. Although plaintiff requests, as part of his relief on these counts, that he be reinstated as CEO of Cannon, they primarily concern alleged actions and wrongdoing by HAT. Should plaintiff's allegations be proven, any relief will most appropriately be directed against HAT on these counts.

With regard to count II, HAT contends that because the employment agreement is between Roth and Cannon, Cannon is necessary to this count. I am unconvinced by HAT's argument. Plaintiff's amended complaint alleges that HAT is liable for the breach of plaintiff's contract with Cannon, its subsidiary. Complete relief between plaintiff and HAT, with regard to plaintiff's allegations of breach, can be accorded plaintiff without Cannon's joinder. Although he may be entitled to *no* relief from HAT for breach of the employment agreement because HAT is not a party to the agreement and may not be liable for such

breach,[3] this should not prevent plaintiff from pursuing, should he so choose, an action against HAT for breach of the agreement. The fact that plaintiff has chosen not to sue Cannon, perhaps the more appropriate defendant on this particular count, does not mean that the court cannot adjudicate plaintiff's allegations against HAT in Cannon's absence. The evidence at trial, moreover, may substantiate the allegations in plaintiff's complaint that HAT continually disregarded Cannon's corporate form in its dealings with Roth[4] and is responsible for any breach since Cannon was nothing more than the alter ego of HAT. While Cannon, as a party to the contract undoubtedly has an interest relating to the subject of this count, *see, e.g., Burger King v. American National Bank & Trust Co.*, 119 F.R.D. 672, 675 (N.D.Ill. 1988) (if absent party has a legally protected interest in subject matter of action—i.e., he is a party to a contract at issue—he falls squarely within the terms of Rule 19(a)(2)), disposition of plaintiff's allegation of breach of contract by HAT can hardly be said to impair or impede Cannon's ability to protect its interests under the contract. This is particularly so since any relief granted on this count will be directed against HAT, not Cannon. Further, since Cannon is not a party to this action, it will not be bound, either under principles of res judicata or collateral estoppel, by the resolution of this count.[5]

Count III alleges that HAT violated the Pennsylvania Wage Payment and Collection Law, 43 Pa.Stat.Ann. § 260.1 *et seq.* "by failing to pay Roth his wages, fringe benefits and wage supplements when due." This law provides an employee with certain statutory remedies for an employer's breach of its contractual obligation to pay wages. *Sendi v. NCR Comten, Inc.*, 619 F.Supp. 1577 (E.D.Pa.1985), *aff'd*, 800 F.2d 1138 (3d Cir.1986). The contract between the employer and employee determines whether wages, fringe benefits, or wage supplements are due. Since a suit under the wage payment and collection law is predicated upon an employer's failure to pay what is due, the employer necessarily has an interest relating to the suit. In this case, Roth alleges a violation by HAT of the wage payment and collection law. He admits, however, that under the terms of his employment agreement, he was employed by Cannon as its CEO. Since Roth had no employment agreement with HAT and HAT was not his employer, he may not be entitled to relief against HAT under the wage payment and collection law. As with count II, however, just because HAT may eventually be found not responsible for Roth's wages does not mean that Cannon must be a party to achieve complete relief between Roth and HAT. Additionally, whether HAT, as plaintiff alleges, is responsible on this count for the actions of Cannon can be determined without Cannon's addition. Finally, while Cannon may have an interest in this count because it was plaintiff's employer, Cannon's ability to protect that interest will not be impaired or impeded by resolution of *HAT's* liability to plaintiff on this count.

In count IV, Roth alleges that HAT wrongfully discharged him. As was the case in counts II and III, it might seem that count IV should have been brought against Cannon because usually the responsibility for an employee's discharge lies with that employee's employer. Again, though, as with counts II and III, Cannon's absence does not preclude determination of HAT's liability to plaintiff on this claim. Even while HAT may have no liability to plaintiff since it was not the employer which discharged him, this can be decided

---

**3.** Although the agreement provides that Cannon will employ Roth for HAT and its other subsidiaries, Cannon and plaintiff are the only signatories to the contract.

**4.** Plaintiff alleges in his amended complaint that, "Although HAT and Cannon hold themselves out as a parent corporation and its wholly-owned subsidiary, respectively, HAT in fact has repeatedly disregarded Cannon's separate form in its dealings with Roth." Plaintiff's Amended Complaint ¶ 31.

**5.** There has been no allegation that HAT, without Cannon's joinder, will be left subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of Cannon's interest.

without joining Cannon as a defendant. Likewise, HAT's responsibility, if any, for the actions of Cannon should Cannon be determined its alter ego can be determined without Cannon's presence in this suit. Cannon's ability to protect its own interest will also be neither impaired nor impeded by the determination as to HAT's liability in its absence.

HAT contends, though, that courts have refused to overlook the separate identity of a wholly-owned subsidiary in order to avoid being ousted of diversity jurisdiction where that party is indispensable or needed for a full and just adjudication of the controversy. *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 559 (5th Cir. 1985); *Barnett v. Borg-Warner Acceptance Corp.,* 488 F.Supp. 786 at 789 (E.D. Ark.1980); *Lang v. Colonial Pipeline Co.,* 266 F.Supp. 552, 557 (E.D.Pa.1967), *aff'd* 383 F.2d 986 (3d Cir.1967). While this may be true, Cannon is not a necessary party. Thus, it is unnecessary for me to decide, at this point, whether Cannon functioned as the alter ego of HAT [6] or whether diversity jurisdiction would be present after its joinder.

An order follows.

### ORDER

AND NOW, this 10th day of April, for the reasons stated in the accompanying memorandum, it is hereby ordered:

1. Defendant's motion to dismiss plaintiff's amended complaint is denied.

2. All discovery shall be completed by May 31, 1989.

3. A pretrial conference to discuss final preparations for trial shall be held on Wednesday, June 7, 1989, at 9:30 a.m.

4. The parties shall be prepared for trial on June 12, 1989.

---

[6]. Of course, given plaintiff's allegations, it undoubtedly will be necessary to determine later whether Cannon was the alter ego of HAT and, thus, whether it is responsible for Cannon's actions.