Fred and Penny **HASHOP,** and Francisco and Isabel **Collazo** and all others similarly situated, Plaintiffs,

v.

**FEDERAL HOME LOAN MORTGAGE CORPORATION,** Defendant.

Nos. 94 C 3789, 95 C 2524.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 13, 1997.

Daniel A. Edelman, Cathleen Combs Cohen, Michelle Ann Weinberg, Tara Goodwin Redmond, Edelman & Combs, Chicago, IL, Lawrence Walner, Julie L. Murphy, Kristi L. Browne, Lawrence Walner & Associates, Ltd., Chicago, IL, Charles Selcer Zimmerman, Barry G. Reed, Robert R. Hopper, Hart L. Robinovitch, Zimmerman and Reed, Minneapolis, MN, James Eric Vander Arend, Gessler, Hughes & Socol, Ltd., Chicago, IL, O. Randolph Bragg, Chicago, IL, for Lorraine Greenberg.

Daniel A. Edelman, Edelman & Combs, Chicago, IL, Lawrence Walner, Kristi L. Browne, M. Scott Barrett, Lawrence Walner & Associates, Ltd., Chicago, IL, Barry G. Reed, Zimmerman and Reed, Minneapolis, MN, Lowell E. Sachnoff, Sachnoff & Weaver, Ltd., Chicago, IL, Daniel Mark Harris, Law Offices of Daniel Harris, Chicago, IL, for Francisco Collazo, Isabel Decollazo, Fred Hashop, Penny Hashop.

Christopher J. Horvay, Holleb & Coff, Chicago, IL, Christopher Spera, McLean, VA, for Federal Home Loan Mortgage Corporation.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

This is one of many class action lawsuits consolidated before this Court in which mortgagees claim they have been required to make excessive escrow payments in violation of their mortgage contracts. Plaintiffs have sued the Federal Home Loan Mortgage Corporation ("FHLMC") for breach of contract, intentional and negligent misrepresentation, deceptive trade practices, and RICO violations. FHLMC has moved to dismiss all counts for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). FHLMC has also moved to dismiss the claims for failure to join the mortgage servicers ("servicers") as indispensable parties pursuant to Rule 19.

FHLMC is a government-sponsored corporation which operates in the secondary residential mortgage market. The function of the secondary market is to stimulate the flow of private capital into the housing market. Mortgage originators make residential mortgage loans to borrowers in the primary mortgage market. Investors, such as FHLMC, subsequently purchase these loans from lenders. The mortgage originators then use the proceeds from the sales to make additional mortgage loans. When the secondary market purchasers buy the mortgages, they often bundle the majority of mortgages together into mortgage-backed securities which are sold to third-party investors. The secondary market owner then guarantees the third-party investor the return of the principal portion of the mortgages plus a portion of the interest paid over the life of the loan. The mortgage servicer and the secondary market purchaser also receive a portion of the interest.

Mortgage lenders establish mortgage escrow accounts to collect and hold money they receive from residential mortgage holders to pay taxes and insurance on mortgaged properties when those payments fall due. Many mortgage lenders then sell their loans into the secondary market to corporations such as FHLMC. The secondary market purchasers do not service the mortgages. Rather, they contract with either the loan originator or another party to service the loan they have just purchased. The mortgage servicer then maintains the escrow accounts and determines how much money to collect and hold in the account over the life of the mortgage.

FHLMC contracts with thousands of different servicers to collect the monthly mortgage payments and take the necessary actions to preserve the property securing the loans it has purchased. It is the servicers

who control the mortgage servicing operations.

## Discussion

 Federal Rule of Civil Procedure 19 permits joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources. Analysis under Rule 19 requires two steps. First, the court must determine whether the absent party is one that should be joined if feasible under Rule 19(a). If the court finds that the absent party should be brought into the litigation, but its joinder would deprive the court of jurisdiction, Rule 19(b) requires the court to determine whether in equity and good conscience the action can proceed or whether instead the action should be dismissed. *Krueger v. Cartwright,* 996 F.2d 928, 933 (7th Cir.1993); *Tillman v. City of Milwaukee,* 715 F.2d 354, 357 (7th Cir.1983). The application of Rule 19 turns on the facts of each case and the court must employ pragmatic considerations when making its determination. *Tillman,* 715 F.2d at 358.

 Rule 19(a) sets forth two situations in which an outsider must be joined if feasible. The first depends on whether complete relief can be accorded those already parties without the absent party. The second depends on whether the absent party's interests will be prejudiced or those already parties will be subjected to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. Fed.R.Civ.P. 19(a); *Tillman,* 715 F.2d at 358. A party need only fulfill either of these two criteria to establish the absent party a person to be joined if feasible. *Id.* at 358.

In order to analyze this first step of Rule 19, it is necessary to understand the role FHLMC and the servicers play in relation to the plaintiffs, the claims against FHLMC, and the nature of the relief requested. Plaintiffs have sued FHLMC claiming it has breached its contract with them and committed several tortious acts by deliberately collecting escrow payments in excess of the amount permitted under the mortgage contract. As relief, plaintiffs seek to have FHLMC return all money illegally collected through overescrowing, now and in the future. However, FHLMC operates solely in the secondary market and is not involved in the servicing of the loans except by contracting out those services. It is the servicers who administer the mortgage accounts; the servicers establish, maintain, compute, collect, adjust and disburse the escrow. FHLMC does not maintain information on whether an escrow account exists with any mortgage it has purchased nor does it maintain information on monthly payments, account balances or possible overages. This information remains with the servicer.

 Rule 19(a) recognizes that complete relief cannot be accorded when the party who maintains the practical control over the actions at issue is not a party to the suit. *Tillman,* 715 F.2d at 358 (state agency vested with responsibility of controlling, supervising and approving participation in apprenticeship program plaintiff sought to rejoin should have been joined in the action); *Martin v. Local 147, Intern. Broth. of Painters and Allied Trades, AFL–CIO–CFL,* 775 F.Supp. 235, 237 (N.D.Ill.1991) (International Union should have been joined due to its supervision and direction of the elections at issue). This is particularly true where plaintiffs seek to impose liability on a party not for its own positive acts but for the positive acts of another not joined in the suit. In such a case, it is the conduct of the absent party and their future actions which are the subject matter of the suit. The absent parties thus become more than key witnesses, but essential to ensuring complete relief to the parties.

 Here, plaintiffs seek reimbursement of excessive escrow payments now and in the future. To determine whether FHLMC is liable in this case, the Court will have to examine the manner in which each servicer handles its escrow calculations since it is the servicers who calculate, collect and disburse the escrow payments. It is thus the servicers who are at the center of this lawsuit and who are necessary parties to any judgment, since they are essential to any determination of whether overescrowing occurred and by how much. In addition, if a

violation is found, it is the servicers who must change their escrowing practices to prevent future violations. Without the servicers, this Court cannot determine FHLMC's liability nor can complete relief be granted.

Rule 19(a) also recognizes that a party should be joined in an action if feasible when their interests will be prejudiced in their absence. Here, the servicers have financial and contractual rights at stake in this litigation. The protection of contract interests of third parties has frequently been recognized as a determinative factor in the Rule 19(a) inquiry. *Martin Implement Sales, Inc. v. Ford New Holland, Inc.*, 1989 WL 31031, *3 (N.D.Ill.1989); *Burger King Corp. v. American Nat. Bank and Trust Co. of Chicago*, 119 F.R.D. 672, 677 (N.D.Ill.1988). In addition, the protection of an absent party's significant financial interests is also recognized as a determinative factor. *Sladek v. Bell System Management Pension Plan*, 880 F.2d 972, 980 (7th Cir.1989).

In this case, the servicers have legal rights and obligations that are at stake in their contracts to service the mortgage loans. If this case proceeds without the servicers and it is found that overescrowing occurred, the servicers' future escrowing practices will have to change. As a result, the servicers will collect less money from the mortgagees and in turn will generate less income for the servicing companies.

Plaintiffs contend that they only seek relief from FHLMC and thus the servicers would not be prejudiced. However, a judgment against FHLMC cannot be entered unless this Court finds that the servicers engaged in a widespread and deliberate practice of overescrowing since the servicers are the ones that administer the accounts, not FHLMC. Such a finding, without giving the servicers an opportunity to defend their actions and their interests would be prejudicial.

■ The servicers are thus parties to be joined if feasible under Rule 19(a). However, plaintiffs admit that joinder of the majority of servicers is not feasible since many of the servicers do not do business in this district and the named plaintiffs have standing against only a few of the servicers. Thus, I must now consider under Rule 19(b) whether in equity and good conscience the case can proceed in the servicers' absence or whether it should be dismissed. To make this determination the following factors must be considered: (1) whether a judgment entered in the absence of a party will prejudice the absent party or those already parties, (2) whether relief may be shaped to lessen the prejudice, (3) whether a judgment in the party's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. Fed. R.Civ.P. 19(b); *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir.1990). This four-factor analysis overlaps to a large extent with that required by Rule 19(a). *Burger King*, 119 F.R.D. at 679. However, unlike Rule 19(a), Rule 19(b) provides for a pragmatic weighing of the relevant factors. *Id.*

■ First, the servicers will be prejudiced since they have substantial contractual and financial interests at stake that would go unrepresented. Second, in this case, prejudice cannot be avoided. Any decision affecting the mortgage contract and how much can be collected on it will affect the servicers' rights and obligations under their servicing contracts. This is true despite the fact that FHLMC may be able to pay any relief granted in full. Third, judgment will not be adequate in the servicers' absence. It is the servicers who manage and control the escrow accounts. Without their participation it will be difficult to calculate the damages and impossible to insure that the practice of overescrowing does not continue to occur.

Finally, I must determine whether plaintiffs would have an adequate remedy if this action is dismissed. The many class action lawsuits filed against individual mortgage servicers across the country and consolidated before me is evidence that plaintiffs have an adequate remedy. Plaintiffs are free to file actions against the individual servicers directly or jointly with FHLMC in the courts that have jurisdiction over all parties. Thus, all four factors weigh in favor of finding the servicers indispensable parties to this action.

Plaintiffs attempt two theories to establish that the servicers are not indispensable parties. First, they claim that the servicers are

joint tortfeasors in the tort actions and state correctly that as a matter of law joint tortfeasors are not considered indispensable parties. Second, plaintiffs claim that, because they are suing FHLMC on FHLMC's own contractual obligations, the servicers are not indispensable parties to a contract to which they are not a party. However, the servicers are at the center of this lawsuit as it is their actions that are at issue in this case and their rights, pragmatically that will be affected by any judgment in this matter. The practical effects of a judgment in this case dictates that the servicers are indispensable parties.

### Conclusion

FHLMC's motion to dismiss pursuant to Rule 19 is granted. It is therefore unnecessary to decide the Rule 12(b)(6) motion.